**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Jesus Reyes,
Petitioner
-vs-
Conrad Graber,
Respondent.

CV-14-1866-PHX-DJH (JFM)

**Report & Recommendation**
**on Petition for Writ of Habeas Corpus**

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Federal Correctional Institute at Phoenix, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 21, 2014 (Doc. 1). On October 6, 2014 Respondents filed their Response (Doc. 12) arguing the Petition is moot. Petitioner has not replied.

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases,[1] Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Petitioner is an inmate of the Bureau of Prisons ("BOP"), detained at the Federal Correctional Institution in Phoenix, Arizona ("FCI-Phoenix"). (Petition, Doc. 1 at 4; Response, Doc. 12 at 1.) Petitioner filed the instant petition challenging the denial of his

---

[1] Rule 1(b), Rules Governing Section 2254 Cases permits the Court to apply those rules to habeas corpus petitions not arising under 28 U.S.C. § 2254. No other specific rules apply to petitions under 28 U.S.C. § 2241. Accordingly, the undesigned applies those rules to the instant Petition as provided herein.

request to participate in BOP's Residential Drug Abuse Program ("RDAP") to permit him early release pursuant to 18 U.S.C. § 3621(e). (Petition, Doc. 1 at 4.) As relief, Petitioner requests an order directing "the BOP to reconsider Petitioner for early release eligibility." (Petition, Doc. 1 at 9.)

Petitioner relies upon 18 U.S.C. § 3621(e), 28 C.F.R. § 550.55 and *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008). Section 3621(3) provides for a substance abuse treatment program in the federal prisons, and as incentive to prisoners to participate, the statute permits BOP to reduce the time in custody for up to a year for inmates convicted of "nonviolent offenses" who successfully complete a treatment program. 18 U.S.C. § 3621(e). That statute is effected through 28 C.F.R. § 550.55, which mandates successful completion of BOP's RDAP. For a time, BOP had categorically excluded from the program those prisoners convicted of offenses involving the carrying, possession, or use of firearms, even if the offense was "nonviolent." In *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), the Ninth Circuit held that exclusion to be invalid.

In his Memorandum in Support, Petitioner argues that he had previously been incarcerated at the United States Penitentiary in Victorville, California, where the RDAP was not offered because it was a high security facility. In October, 2011, Petitioner was transferred to FCI-Phoenix, where the RDAP is available. Petitioner applied to participate, but was advised the he was ineligible because of his possession of a firearm in connection with a narcotics charge. Petitioner unsuccessfully appealed the determination.

On October 6, 2014, Respondent filed his Response to Writ of Habeas Corpus and Request to Dismiss as Moot ("Response"), arguing that the Petition had been rendered moot because as of October 3, 2014 the BOP had deemed Petitioner eligible for early release consideration under 18 U.S.C. § 3621(e), contingent upon his successful completion of the RDAP. Respondent provides a declaration under penalty of perjury from a BOP attorney at the "Designation and Sentence Computation Center," declaring that Petitioner's file had been reviewed and he had been deemed eligible for participation

in the early release program. (Response, Doc. 12, Exhibit A.)

In the service Order, the Court directed that "Petitioner may file a reply within 30 days from the date of service of the answer." (Order 9/17/14, Doc. 5 at 3.) Petitioner has not filed a reply.

### III. APPLICATION OF LAW TO FACTS

Respondents urge that the case should be dismissed for lack of subject matter jurisdiction because the controversy has been rendered moot by the BOP's decision to make Petitioner eligible to participate in the RDAP.

Article III, Section 2, Clause 1 of the United States Constitution gives the courts of the United States power over specified "Cases…[and] Controversies."

> Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Article III denies federal courts the power "to decide questions that cannot affect the rights of litigants in the case before them," and confines them to resolving " 'real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' "

*Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990) (citations omitted). "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997), as amended (Sept. 16, 1997). In particular, where a complainant has already obtained the relief he sought, the claim is moot. *Foster v. Carson*, 347 F.3d 742, 746 (9th Cir. 2003). These principles equally apply in a habeas petition. *See Spencer v. Kemna*, 523 U.S. 1 (1998).

Here, Petitioner sought an order directing "BOP to reconsider Petitioner for early release eligibility." (Petition, Doc. 1 at 9.) He has been reconsidered for such eligibility, and "deemed eligible for early release under 18 U.S.C. § 3621(e)." (Response, Doc. 12, Exhibit A, Ferril Declaration at ¶ 2.) Thus, Petitioner has already obtained the relief he

3

sought, and the case is moot.

It is true that there are exceptions to the mootness doctrine for: (1) controversies "capable of repetition, yet evading review," *see Spencer*, 523 U.S. at 17; and (2) cases involving "collateral consequences" which continue after the removal of the primary basis for relief (e.g. collateral consequences to a conviction that continue after release from prison), *see Sibron v. New York*, 392 U.S. 40 (1968).  However, Petitioner does not argue that either exception applies, and the undersigned divines no basis for such exceptions to apply.

Thus it appears that this case has been rendered moot, this Court lacks subject matter jurisdiction, and the case should be dismissed.  "A dismissal for lack of jurisdiction [for mootness] is plainly not a determination of the merits of a claim. Ordinarily, such a dismissal is 'without prejudice.' "  *Korvettes, Inc. v. Brous*  617 F.2d 1021, 1024 (3rd Cir. 1980).  Accordingly, this case should be dismissed without prejudice.

## IV.  CERTIFICATE OF APPEALABILITY

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  However, such certificates are only required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). This case arises under 28 U.S.C. § 2241, and does not attack a State court detention.  Accordingly, no ruling on a certificate of appealability is required, and no recommendation thereon will be offered.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed August 21, 2014 (Doc.  1) be **DISMISSED WITHOUT**

4

**PREJUDICE**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: January 27, 2015

14-1866r RR 15 01 27 on HC.docx

James F. Metcalf
United States Magistrate Judge